UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KIRKPATRICK,<br><br>    Petitioner,<br><br>    v.<br><br>D. SAMUEL,<br><br>    Respondent. | Case No. 24-cv-08609-JST<br><br>**ORDER OF DISMISSAL** |

Petitioner has filed a petition for a writ of habeas corpus. ECF No. 1. For the reasons set forth below, this action is DISMISSED with prejudice.

**DISCUSSION**

On December 2, 2024, Petitioner filed a petition for a writ of habeas corpus in this Court, stating that he wished to appeal the California Supreme Court's September 18, 2024 Order in Cal. Sup. Ct. C No. S004642, *People v. Kirkpatrick*. ECF No. 1. That same day, the Court sent Petitioner a notice, informing him that this action was deficient because he had neither paid the $5.00 filing fee nor filed an application to proceed *in forma pauperis*. ECF No. 2. The Court informed Petitioner that, by December 31, 2024, he must either pay the filing fee or by file a complete *in forma pauperis* application; or this action would be dismissed. *Id.* The deadline to correct the deficiency has passed, and Petitioner has neither paid the filing fee nor filed an application to proceed *in forma pauperis*. Accordingly, this action is DISMISSED for failure to either pay the filing fee or file an *in forma pauperis* application.

The Court makes the following additional observations to guide the Petitioner in the event he intends to bring these claims in a future filing.

To the extent that Petitioner is seeking to challenge the California Supreme Court's

September 18, 2024, this court is without subject matter jurisdiction to review the state court's decision and Petitioner must seek review by filing a petition for a writ of certiorari in the United States Supreme Court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983) ("[Federal district courts" do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme Court."); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Mothershed v. Justices*, 410 F.3d 602, 606 (9th Cir. 2005) ("Under *Rooker–Feldman*, lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States.").

To the extent that Petitioner is seeking to file a federal action challenging his state court criminal conviction, he must file the petition for a writ of habeas corpus in the district where his conviction was obtained, as California federal courts traditionally have chosen to hear habeas petitions challenging a state conviction or sentence in the district of conviction or sentencing. *See* Habeas L.R. 2254-3(b)(1); *Dannenberg v. Ingle*, 831 F. Supp. 767, 768 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968). Petitioner's district of conviction is the Central District of California. *See Kirkpartick v. Chappell*, 950 F.3d 1118, 1122 (9th Cir. 2020) (crime committed in Burbank, California). Accordingly, any challenges to his conviction should be filed in the Central District of California.

## CONCLUSION

For the reasons set forth above, the Court DISMISSES this action without prejudice.

**IT IS SO ORDERED.**

Dated: March 5, 2025

_____
JON S. TIGAR
United States District Judge